CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 13 2018

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL L. JONES, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18cv00136 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Michael L. Jones, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Halifax County Circuit Court for possession of cocaine with the intent to distribute as a third or subsequent offense. Respondent filed a motion to dismiss, and Jones responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss and dismiss the petition.

## I. Procedural History

Jones is detained pursuant to a final order entered by the circuit court on July 20, 2015. Jones did not appeal. On March 9, 2017, Jones filed a state habeas petition in the Supreme Court of Virginia. The Supreme Court of Virginia denied his petition. On or about February 12, 2018, Jones filed the current petition.

## II. Time-Bar

Jones's claims are time-barred. Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

(A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Additionally, a petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

The circuit court's final judgment was entered on July 20, 2015, and Jones did not appeal. Therefore, his judgment became final on August 19, 2015, thirty days after the entry of judgment. Va. Sup. Ct. R. 5A:6 (Notice of appeal must be filed within thirty days of final judgment.); Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Jones thus had one year (365 days) from August 19, 2015 to file his § 2254 petition. The limitations period expired on August 20, 2016.

Jones asserts several arguments that his petition is not time-barred:

(1) his state habeas petition, pursuant to Va. Code. § 8.01-654, was timely, and he filed his federal habeas petition within one year of his state petition;

(2) state habeas petitions are unconstitutional impediments; and

2

(3) he is entitled to equitable tolling.

See Br. in Opp. Mot. to Dismiss 1-2, ECF No. 16. His arguments are incorrect for the reasons that follow.

First, the Virginia and federal habeas petitions have separate and different statutes of limitations: Virginia is two years if the defendant does not pursue direct appeal, federal is always one year. Therefore, the federal habeas limitations period can be either (1) interdependent or (2) independent of the Virginia habeas statute of limitations.

The federal habeas limitation period is interdependent when a petitioner "properly" files a direct and/or collateral appeal in state court within one year. 28 U.S.C. § 2244(d)(2). The federal habeas limitations period is then tolled for the duration of the properly filed state proceedings. Id.

However, the federal and Virginia limitations periods are independent when a petitioner, like Jones, waits longer than a year after a final judgment to bring a direct or collateral appeal in the state court. When the year threshold passes, the federal habeas limitation period will expire even if the petitioner later timely files a petition in Virginia state court. Under such circumstances, the limitations period is not "revived" by a timely state habeas petition, and statutory tolling pursuant to § 2244(d)(2) is unavailable—the federal petition is already untimely under the AEDPA. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (holding "a prisoner will not be able to revive an expired [AEDPA] limitation period by simply filing a state petition in conformity with basic procedural requirements").

Second, Virginia's statute of limitations for filing state habeas petitions is not an unconstitutional impediment as contemplated by § 2244(d)(1)(B). See Ocon-Parada v. Young, No. 3:09cv87, 2010 WL 2928590, at *3 (E.D. Va. July 23, 2010). To invoke § 2244(1)(B), a

3

petitioner must show that (1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of federal law. See Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003). The petitioner's misunderstanding of the law and his obligation to exhaust state remedies "do[] not qualify as an 'impediment to filing an application created by State action in violation of the Constitution or laws of the United States.'" Ocon-Parada, 2010 WL 2928590, at *3 (quoting 28 U.S.C. § 2244(d)(1)(B)). Therefore, Virginia's longer habeas limitation period, or the differences between Virginia and federal statute of limitations neither "deceives a defendant into missing his federal deadline," nor "actually prevents" a petitioner from filing his federal petition. Id.; see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (rejecting arguments that Oregon's two-year statute of limitations created an unconstitutional "trap" for state prisoners).

Third, the requirement that Jones file a state habeas petition to exhaust his claims is not an extraordinary circumstance that justifies equitable tolling. See Ocon-Parada, 2010 WL 2928590, at *3; Ferguson, 321 F.3d at 823. Exhaustion is a basic procedural requirement. It is not an exceptional circumstance. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases holding that "ignorance of the law is not a basis for equitable tolling").

### III.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTERED this 13th day of November, 2018.

SENIOR UNITED STATES DISTRICT JUDGE